**YONG BIN MEI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 05–0798–ag.

United States Court of Appeals, Second Circuit.

April 25, 2007.

Marian S.K. Ming, Marian S.K. Ming & Associates, Chicago, IL, for Petitioner.

Suzanne J. Moore, Assistant United States Attorney (Catherine L. Hanaway, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of Missouri, St. Louis, MO, for Respondent.

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES and REENA RAGGI Circuit Judges.

### SUMMARY ORDER

Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA") denying petitioner's third motion to reopen his removal proceedings after a removal order was entered *in absentia* by Immigration Judge Sabri Kandah on October 7, 1992. *See Yong Bin Mei,* No. A 72 455 938 (B.I.A. December 17, 2004). We assume the parties' familiarity with the facts and the procedural history of this case.

On appeal, petitioner contends that the BIA abused its discretion in denying his motion to reopen his removal proceedings because petitioner "did not receive notice of hearing due to a change of address" and "was not informed of a requirement to advise the INS of any change of address." Pet'r's Br. at 4.

Upon a review of the record, we conclude that the BIA acted well within its broad discretion in denying petitioner's *third* motion to reopen his removal proceedings, which was filed more than *eleven years* after issuance of the IJ's exclusion order. *See, e.g., INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (noting that "the Attorney General has broad discretion to grant or deny" motions to reopen deportation proceedings) (internal quotation marks omitted). The IJ properly concluded, when adjudicating one of petitioner's previous motions to reopen, that petitioner failed to show "reasonable cause for his absence" from his removal proceedings. *See Yong Bin*

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as respondent in this case.

*Mei,* No. A 72 455 938 (Immig. Ct. N.Y. City Nov. 12, 1993). Accordingly, in denying petitioner's instant motion, the BIA did not abuse its discretion in concluding that the IJ's *in absentia* removal order was proper. Nor did the BIA abuse its discretion in relying for further support of its denial on (1) the length of time elapsed between petitioner's removal proceedings and the filing of the instant motion to reopen; and (2) petitioner's failure to demonstrate eligibility for asylum or other relief.

We have considered all of petitioner's arguments and find them to be without merit. Accordingly, the petition for review is **DENIED.**